UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DRINKWINE, JR.,　　　　　Civil Action No.: 18-12327
　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington
　　　　　　Plaintiff　　　　　　Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

　　　　　Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 16, 21]**

Plaintiff Joseph Drinkwine, Jr. appeals the final decision of defendant Commissioner of Social Security, which denied his application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence and thus **RECOMMENDS** that:

- Drinkwine's motion [ECF No. 16] be **DENIED**;

- the Commissioner's motion [ECF No. 21] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under to sentence four and sentence six of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Drinkwine's Background and Disability Application

Born June 17, 1965, Drinkwine was 51 years old on the application date, October 8, 2016. [ECF No. 10-2, Tr. 28]. He has past relevant work as a roofer. [*Id.*, Tr. 27]. Drinkwine claims disability from COPD, emphysema, asthma, degenerative disc disease of the lumbar and cervical spine, Crohn's disease, degenerative disease of the left shoulder, nerve damage to the left arm, seizure disorder, bipolar disorder, schizoaffective disorder, mood disorder and borderline personality disorder. [ECF No. 10-4, Tr. 265].

After a hearing, during which Drinkwine and a vocational expert (VE) testified, the ALJ found that Drinkwine was not disabled. [ECF No. 10-2, Tr. 16-29, 36-78]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. Drinkwine timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Drinkwine was not disabled. At the first step, he found that Drinkwine had not engaged in substantial gainful activity since the application date, October 8, 2016. [ECF No. 10-2, Tr. 18]. At the second step, he found that Drinkwine had the severe impairments of "COPD/emphysema, asthma, degenerative disc disease of the lumbar and cervical spine, Crohn's disease, osteoarthritis, degenerative joint disease, breakthrough seizures versus convulsive syncope versus epilepsy, noncardiac chest pain, bipolar, depression, anxiety, schizoaffective disorder, mood disorder, borderline personality disorder and cannabis abuse." [*Id.*, Tr. 19].

Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 19-20].

Between the third and fourth steps, the ALJ found that Drinkwine had the RFC to perform light work;

> lifting up to 20 pounds occasionally; lifting/carrying up to 10 pounds frequently; standing/walking for about 6 hours and sitting for up to 6 hours in an 8-hour workday, with normal breaks; never climbing ladders, ropes or scaffolds; occasional climbing ramps or stairs; occasional stooping, kneeling, crouching and crawling; occasional overhead reaching; limited to jobs which can be performed while using handheld device for prolonged ambulation; avoid concentrated exposure to extreme cold or extreme heat; avoid concentrated exposure to wetness or humidity; limited to concentrated exposure to vibration; must

4

> avoid even moderate exposure to environmental irritants such as fumes, odors, dusts, and gases; must avoid all uses of hazardous moving machinery; must avoid all exposure to unprotected heights; must avoid all rough uneven, slippery, shifting and obstructed terrain; limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work related decisions and routine work place changes; only occasional superficial interaction with the public.

[*Id.*, Tr. 20]. At step four, the ALJ found that Drinkwine could not perform any past relevant work. [*Id.*, Tr. 27]. At the final step, after considering Drinkwine's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs in significant numbers that Drinkwine could perform, including positions as a sorter, an assembler or an inspector. [*Id.*, Tr. 28].

## II.     ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Drinkwine argues the ALJ erred by failing to develop the record for his mental impairments after rejecting the professional opinion evidence.  He also asserts the ALJ failed to assess properly his impairments under step three of the disability analysis and did not properly assess his RFC.  The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

Drinkwine argues that the ALJ did not properly develop the record as to his mental health impairment because, after discounting the medical opinions of the consulting physicians, he was left with no medical opinion.  The Court disagrees.

The ALJ gave little weight to the opinions of state agency reviewer Ashok Kaul, M.D., and consulting examiner Matthew P. Dickson, Ph.D., who both found that Drinkwine did not have a severe mental impairment.  [ECF No. 10-2, Tr. 27, citing ECF No. 10-3, Tr. 85-86, ECF No. 10-7, Tr. 429-32].   The ALJ reasoned that evidence submitted after those opinions supports moderate limitations in all four areas of functioning.  [ECF No. 10-

6

2, Tr. 27]. Notably, the opinions were from March and April 2017, so after the alleged onset date in October 2016.

Drinkwine's "argument that the ALJ erred in assessing a *more restrictive* RFC than that opined by the State agency consultants is curious and unavailing." *Mosed v. Comm'r of Soc. Sec.*, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016), *adopted*, 2016 WL 1084679 (E.D. Mich. Mar. 21, 2016) (emphasis in original). *Mosed* and other courts have found RFC assessments to be supported by substantial evidence when they are more restrictive than the opinion evidence. *Id.*; *Taylor v. Berryhill*, 2018 WL 344984, at *4 (W.D. Ky. Jan. 9, 2018); *Chess v. Berryhill*, 2019 WL 845986, at *7 (E.D. Tenn. Jan. 3, 2019).

In *Chess*, the ALJ had imposed a more restrictive RFC because of "the inconsistency of the opinions with the totality of the record and records received after the opinions were prepared." *Chess*, 2019 WL 845986 at *7. The court noted that the ALJ's decision to "reject" the opinions operated the plaintiff's benefit and that there was thus no error. *Id.* This conclusion applies equally here.

And although an "ALJ is obligated to fully develop the record, and bears 'the ultimate responsibility for ensuring that every claimant receives a full and fair hearing' . . . where, as here, the claimant was represented by

7

counsel, the ALJ may ordinarily rely on counsel to present the claimant's case and to develop his claims." *Woelk v. Comm'r of Soc. Sec.*, 2014 WL 2931411, at *2 (E.D. Mich. June 30, 2014) (quoting *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir.1983) (internal marks and citations omitted). An ALJ need not "seek out a physician's medical opinion where one is not offered." *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). The Court finds no error here.

## C.

At step three of the administrative sequence, a claimant who meets a listed impairment will be found conclusively disabled and entitled to benefits. *Laurain v. Comm'r. of Soc. Sec.,* 2019 WL 472308, at *5 (E.D. Mich. Jan. 3, 2019), *adopted*, 2019 WL 462981 (E.D. Mich. Feb. 6, 2019). Drinkwine challenges the ALJ's conclusion that he meets no listing. The ALJ "reviewed the medical record under the criteria for the Listings 12.03, 12.04 12.06 and 12.08," concluding that Drinkwine did not meet any of them. [ECF No. 10-2, Tr. 19-20]. But the ALJ did not enumerate the criteria for the considered listings or discuss why Drinkwine's conditions failed to meet the criteria. [*Id.*].

Drinkwine argues that the ALJ erred in his step three analysis because he did not offer reasons to support his conclusions that Drinkwine

8

was moderately, and not markedly, limited in concentration, persistence and pace and understanding, remembering and following instructions. Drinkwine neither specifies which listing he purportedly meets, nor cites evidence in the record that would establish he meets the criteria of a listing.

For the step three analysis, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Grandstaff v. Comm'r of Soc. Sec.*, 2017 WL 4251734, at *7 (E.D. Mich. Sept. 26, 2017) (citation and internal quotation marks omitted). But ALJs are "under no obligation to spell out every consideration that went into the step three determination..." *Andrews v. Comm'r of Soc. Sec.*, 2013 WL 2200393, at *12 (E.D. Mich. May 20, 2013). And "the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing…. Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Smith-Johnson v. Comm'r of Soc. Sec.,* 579 Fed. Appx. 426, 433 (6th Cir. 2014); *see also, Geer v. Comm'r of Soc. Sec.*, 2019 WL 1503132, at *4 (E.D. Mich. Feb. 6, 2019).

Here, Drinkwine points to nothing in the record showing that he had marked or extreme limitations so as to meet the requirements for 12.03,

9

12.04, 12.06 or 12.08. And the record evidence reflects that Drinkwine had only mild limitations in concentration, persistence and pace, and in understanding, remembering and carrying out instructions. [ECF No. 10-3, Tr. 86; ECF No. 10-7, Tr. 431-32]. The Court finds no reversible error here.

## D.

Drinkwine also argues that the ALJ erred in concluding that his impairments were not medically equivalent to a listing without the benefit of a medical opinion from a physician. Previously, courts did find that the regulations required ALJs to obtain an expert opinion on medical equivalency. *See Hardy v. Comm'r of Soc. Sec.*, No. CV 15-10010, 2016 WL 1128085, at *1 (E.D. Mich. Mar. 23, 2016) (citing SSR 96-6p). But SSR 17-2p replaced SSR 96-p6. *See* SSR 17-2p, 2017 WL 3928306, at *1. Under SSR 17-2p, an ALJ need not obtain evidence from a medical expert on equivalence if the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017 WL 3928306, at *4. *See Marvin v. Comm'r of Soc. Sec.*, 2018 WL 4214339, at *3 (W.D. Mich. Aug. 10, 2018), *adopted*, 2018 WL 4208682 (W.D. Mich. Sept. 4, 2018). Drinkwine's equivalency argument lacks merit.

## E.

10

Drinkwine contends that remand is necessary because the ALJ departed from some of the medical opinions on the limitations caused by his impairments when he developed the RFC. He objects to the ALJ affording partial weight to the opinion of the state agency medical consultant and significant weight to the opinion of the consulting examiner, R. Scott Lazzara, M.D., in adopting an RFC for light work, but then adding the further limitation of only occasional overhead reaching. [ECF No. 16, PageID.3987]. Drinkwine suggests that adding the manipulative limitation without medical opinion support invalidated the entire RFC despite also arguing that a manipulative limitation was warranted. [*Id.*]

The ALJ's decision to add a restriction to Drinkwine's RFC cannot be considered reversible error. *Mosed,* 2016 WL 6211288 at *7; *Taylor,* 2018 WL 344984 at *4; *Chess,* 2019 WL 845986 at *7. The ALJ is charged with considering all of the evidence and assessing the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The RFC shows that the ALJ did just that—giving varying weight to the medical opinions, but also crediting Drinkwine's testimony of pain and weakness in his left arm and shoulder to the extent

11

that it was supported by the record evidence. [ECF No. 10-2, Tr. 22, 52-54; ECF No. 10-7, Tr. 361].

Drinkwine bears the burden of showing he needs restrictions greater than those determined by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). He asserts that only that his impairments warranted manipulative limitations. [ECF No. 16, PageID.3987]. But his RFC contained manipulative limitations. Drinkwine has not carried his burden to show a need for greater restrictions.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Drinkwine's motion for summary judgment be [ECF No. 16] be **DENIED**; that the Commissioner's motion [ECF No. 21] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: August 8, 2019     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 8, 2019.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager