UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH ANTHONY DRINKWINE, JR.,

                Plaintiff,                Case No. 18-12327

v                                       District Judge Thomas L. Ludington
                                              Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

Plaintiff Joseph Anthony Drinkwine, Jr. brought this action for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Drinkwine filed his disability application on October 8, 2016. ECF No. 10-2, Tr. 28. After a hearing, the ALJ found that Drinkwine was not disabled. ECF No. 10-2, Tr. 16-29, 36-78. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *Id.*, Tr. 1-6. Drinkwine timely filed for judicial review and his complaint was referred to Magistrate Judge Stafford. ECF No. 1. Plaintiff and Defendant subsequently filed separate motions for summary judgment. Judge Stafford issued a report recommending that Defendant's motion be granted, Plaintiff's motion denied, and Plaintiff's complaint dismissed. For the following reasons, Judge Stafford's recommendation will be adopted.

**I.**

Neither party has objected to Judge Stafford's summary of the relevant background of the case. For that reason, the summary is adopted in full. For clarity, a brief reiteration will be provided here. The ALJ denied Plaintiff's application because it was determined that Plaintiff had the

residual functioning capacity ("RFC") to perform light work and that there was a significant number of employment opportunities that Plaintiff could perform. In reaching this conclusion, the ALJ determined that Plaintiff's condition was more limited than determined by some of Plaintiff's physicians. The transcript provides

> The State agency psychological reviewer indicated the claimant did not have a severe psychological impairment. That opinion is accorded little weight. The evidence submitted after this opinion supports moderate limitation in all four areas of functioning. That evidence includes his suicide attempt and need for psychological treatment.
>
> The opinion of Dr. Dickson, an examining source, which is consistent with no severe psychological impairments, is accorded little weight. The record, examinations, and evidence submitted after this opinion supports moderate limitations in all four areas of functioning.

Tr. 27 (citations omitted).

In reviewing the ALJ's findings, Judge Stafford concluded that the ALJ's decision was supported by substantial evidence because the ALJ determined that Plaintiff's RFC was more limited than determined by these two medical providers, but nevertheless did not merit receiving disability benefits. ECF No. 24 at PageID.4051. Judge Stafford cited to three cases in which the court determined that the ALJ's decision finding that the plaintiff was not disabled was supported by substantial evidence where the ALJ determined that the RFC was more restricted than represented by the petitioner's physicians.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

**III.**

Drinkwine raises two objections to Judge Stafford's report and recommendation. Specifically, Judge Stafford's conclusion that the ALJ had sufficiently developed the record as to mental and physical impairments. ECF No. 25.

**1.**

First, Plaintiff argues that Judge Stafford erroneously concluded that the ALJ adequately developed the mental impairment record. Judge Stafford determined

> The ALJ gave little weight to the opinions of state agency reviewer Ashok Kaul, M.D., and consulting examiner Matthew P. Dickson, Ph.D., who both found that Drinkwine did not have a severe mental impairment. [ECF No. 10-2, Tr. 27, citing ECF No. 10-3, Tr. 85-86, ECF No. 10-7, Tr. 429-32]. The ALJ reasoned that evidence submitted after those opinions supports moderate limitations in all four areas of functioning. [ECF No. 10- 2, Tr. 27]. Notably, the opinions were from March and April 2017, so after the alleged onset date in October 2016.

ECF No. 24 at PageID.4051. She continued by citing three cases in which the ALJ had come to a similar conclusion, specifically that the petitioner's RFC was more restricted than determined by the medical opinions. In all three cases, it was determined that the ALJ did not err because the ALJ concluded that there was a more restrictive RFC. *Mosed v. Comm'r of Soc. Sec.*, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016) ("Plaintiff's argument that the ALJ erred in assessing a *more restrictive* RFC than that opined by the State agency consultants is curious and unavailing.") (italics in original); *Taylor v. Berryhill*, 2018 WL 344984, at *4 (W.D. Ky. Jan. 9, 2018) ("ALJ Zuber gave both Dr. Sadler's State agency opinion and Dr. Carter's consultative examination opinion only partial weight because he assessed a *more restrictive* RFC than either physician. If anything, ALJ Zuber's decision to afford partial weight to the opinions of Dr. Sadler and Dr. Carter benefitted Taylor's case and, therefore, does not constitute error.") (italics in original); *Chess v. Berryhill*, 2019 WL 845986, at *7 (E.D. Tenn. Jan. 3, 2019) ("[T]he ALJ's decision to 'reject' the opinions operated to Chess's benefit. This does not constitute error.")

Plaintiff contends that "[w]hile the ALJ may rely on an opinion or conclude that a more restrictive RFC is warranted, the ALJ may not use an opinion as a baseline and interpret raw medical evidence to decide how much more restrictive the RFC needs to be." *Id.* at PageID.4061. Plaintiff's contention is illogical. The ALJ could have given full weight to the assessments by Kaul and Dickson when determining the RFC. It can be presumed that the ALJ would have concluded that Plaintiff was not entitled to benefits since Kaul and Dickson's assessments supported the finding of a less restrictive RFC. However, the ALJ determined that evidence postdating these assessments supported a more restrictive RFC. Regardless of this more restrictive RFC though, the ALJ still determined that Plaintiff did not qualify for benefits.

As noted in Judge Stafford's opinion, Plaintiff was represented by counsel which means the ALJ "may ordinarily rely on counsel to present the claimant's case and to develop his claims." *Woelk v. Comm'r of Soc. Sec.*, 2014 WL 2931411, at *2 (E.D. Mich. June 30, 2014) (quoting *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (internal marks and citations omitted)). Plaintiff attempts in his objections to distinguish the facts of his case from the facts of *Woelk*. Plaintiff did not however provide any additional medical testimony when information post-dating Kaul's and Dickson's assessment reflected that Kaul's and Dickson's assessments were no longer current. An ALJ need not "seek out a physician's medical opinion where one is not offered." *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015).

**2.**

Plaintiff's second objection is that the ALJ did not sufficiently develop the record as to Plaintiff's physical impairments. He presents the same argument in passing that he presented in his first objection, specifically that the ALJ should not have reached his own conclusion when the ALJ determined that further limitations were warranted than those determined by the medical opinions. However, this argument is unsuccessful for the same reasons articulated above. It is not ALJ's responsibility to "seek out a physician's medical opinion where one is not offered." *Id.*

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 25, are **OVERRULED**.

It is further **ORDERED** that Judge Stafford's report and recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 16, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 21, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

Dated: September 24, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge